UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OTIS GRANT, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-18-1953 |
| § | |
| HARRIS COUNTY, § | |
| § | |
| *Defendant*. § | |

## ORDER

Pending before the court is defendant Harris County's motion to dismiss, or, in the alternative, a motion for summary judgment. Dkt. 2 at 15. Plaintiff Otis Grant responded. Dkt. 9. Harris County replied. Dkt. 10.[1] Having considered the motion, response, reply, record evidence, and applicable law, the court is of the opinion that the motion should be GRANTED because *res*

---

[1] The court treats Harris County's motion as a motion for summary judgment. The court does not need to convert the instant motion into a motion for summary judgment because Harris County "alternatively requests that the Court treat this motion as a motion for summary judgment." Dkt. 2 at 15. Additionally, conversion is not required because the court only considered the pleadings, attachments, and matters of public record. *Aries Freight Sys., L.P.*, No. H-07-2628, 2007 WL 3001650, at *2 (S.D. Tex. 2007) (Rosenthal, J.) (requiring conversion if court considers matters beyond pleadings and attachments); *cf. Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995) (conversion not required when court considers matters of public record).
    Even so, conversion would be proper. *See Davis*, 70 F.3d at 372 n.3; (5th Cir. 1995); *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 664 n.1 (5th Cir. 2004) (internal quotation omitted) ("Sua sponte summary judgment is procedurally fair so long as the losing party was on notice that [he] had to come forward with *all* of [his] evidence."); *Gen. Retail Servs. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 787 (5th Cir. 2007) ("Under Rule 56, a party must receive more than a generalized notice that summary judgment could happen. It must know what *is* being considered so that it can have a real opportunity to respond.").
    Harris County's alternative request for summary judgment gave Grant "more than a generalized notice that summary judgment could happen." *See Wireless Toyz*, 255 F. App'x at 787; *see also* Dkt. 2 at 15. And Grant even noted that "[s]ummary judgment is the proper standard for determining whether a claim should be dismissed based on *res judicata*." Dkt. 9 at 6 (emphasis added). The court agrees. *See Hamilton Lane*, 115 F. App'x at 664 n.1(explaining that the affirmative defense of *res judicata* should be raised under Rule 56, not under Rule 12(b)(6)).

*judicata* bars this lawsuit.² Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986); *see also Wang v. Prudential Ins. Co. of Am.*, 439 F. App'x 359, 363–65; *see* Dkt. 2 at 15; Dkt. 2-1; Dkt. 10 at 4.

*Res judicata* bars a plaintiff "from relitigating claims that were or could have been litigated in a prior lawsuit." *Wang*, 439 F. App'x at 363–65. A claim is barred by *res judicata* if: "(1) the parties [are] identical in the two actions; (2) the prior judgment . . . [was] rendered by a court of competent jurisdiction; (3) there . . . [is ] a final judgment on the merits; and (4) the same claim or cause of action . . . [is] involved in both cases." *Id.* (internal citation omitted).

1. *Identical parties*

It is undisputed that the parties in this case—Grant and Harris County—are identical to the parties in *Grant v. Harris County*, No. 4:16-cv-3529 (S.D. Tex. filed July 11, 2016) (Hoyt, J). *See id.*; *compare* Dkt. 2, *and* Dkt. 9, *with* Dkt. 2-1.

2. *Prior judgment rendered by a court of competent jurisdiction*

It is also undisputed that the Honorable Kenneth Hoyt of the Southern District of Texas rendered judgment against Grant in the first case. Dkt. 2-4; Dkt. 2-5; Dkt. 2-6. The Southern District of Texas was a court of competent jurisdiction to determine issues arising under federal employment discrimination statutes.³ *See United States v. Shanbaum*, 10 F.3d 305, 313 (5th Cir.

---

²Although Harris County advances other grounds in support of its motion, because *res judicata* bars the instant lawsuit, the court does not address the additional grounds. *See* Dkt. 2.

³Grant argues that Judge Hoyt lacked jurisdiction "to rule on a Title VII claim that was not part of the suit" because "[t]here was no live pleading on Plaintiff's Title VII claim and Defendant's Motion for Summary Judgment did not address a Title VII claim." Dkt. 9 at 5; *cf. id.* at 7 ( "It is undisputed that Grant alleged Title VII violations in his first case."). Grant also concedes that the court had jurisdiction to alter its decision. *Id.* at 4 ("The court has jurisdiction and the ability to change or clarify its order relating to Title VII and ADAAA claims."). Logically, this would mean that the court also had jurisdiction to issue the order in the first place. Both grounds fail to raise a triable issue of fact.

1994); *cf.* Dkt. 2 at 16. Harris County met its initial burden on this element. Fed. R. Civ. P. 56(a). Grant did not raise a fact issue. *Cf. Celotex*, 477 U.S. at 324.

   3.   *Final judgment on the merits*

No one disputes that the first court dismissed Grant's: (1) ADA claim because Grant did not make out a prima facie case; and (2) Title VII claim as time-barred. Dkt. 2-3; Dkt. 2-4. And it is undisputed that Judge Hoyt entered a final judgment on the merits as to the former. *Compare* Dkt. 2, *with* Dkt. 9. Grant argues that the dismissal of the latter as time-barred does not count as a merits decision for *res judicata* analysis. Dkt. 9 at 1 ("Defendants seek to dismiss timely Title VII claims that were not dismissed on the merits but were dismissed from the first lawsuit because the first court concluded that Grant's Title VII claims were time[-]barred."). Because the Fifth Circuit treats a dismissal on statute of limitations grounds as a dismissal on the merits for federal *res judicata* purposes, Grant's argument fails. *See Ellis v. Amex Life Ins. Co.*, 311 F.3d 935, 937 (5th Cir. 2000). Grant fails to point to specific facts showing a genuine issue for trial. *Cf. Celotex*, 477 U.S. at 324.

   4.   *The same claims*

Harris County argues that both cases involve the same claims. Dkt. 2 at 16. The court agrees. *See Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) ("the critical issue . . . is whether the two actions are based on the same nucleus of operative facts."); *compare* Dkt. 2-1, *and* Dkt. 2-4, *and* Dkt. 2-8. In particular, he uses the same EEOC charge to support both cases. *See* Dkt. 2-8. Harris County met its initial burden on this element. *See* Fed. R. Civ. P. 56(a).

Grant fails to raise a fact issue on this element. *Compare* Dkt. 9, *with Celotex*, 477 U.S. at 324.. He advances inconsistent positions about which claims he alleged in the first case.[4] But

---

[4] He asserts that the first case included "timely TVII claims" and "alleged Title VII violations," while he "only alleged violations of the ADA/ADAAA." *Id.* at 1–2, 7.

he does not dispute—let alone raise a fact issue—whether "the two actions are based on the same nucleus of operative facts." *Compare id.*, *with Davis*, 383 F.3d at 313. Thus, he does not meet his burden.

For these reasons, Harris County met its burden to show that no triable fact issue exists. *Compare* Dkt. 2, *with Celotex*, 477 U.S. at 323, *and* Fed. R. Civ. P. 56(a). Grant failed to set forth specific facts showing a genuine issue for trial. *Compare* Dkt. 9, *with Celotex*, 477 U.S. at 324. Accordingly, Harris County is entitled to judgment as a matter of law and the instant motion (Dkt. 2) is GRANTED. Grant's claims are DISMISSED with PREJUDICE.

Signed at Houston, Texas on August 6, 2018.

_____
Gray H. Miller
United States District Judge